RE: INFORMAL OPINION CONCERNING ACQUISITION OF AUTOMATED FINGERPRINT EQUIPMENT
YOU HAVE ASKED THIS OFFICE FOR AN INFORMAL OPINION CONCERNING THE ABILITY OF THE CITY OF OKLAHOMA CITY TO SELL ITS AUTOMATED FINGERPRINT EQUIPMENT TO THE OKLAHOMA STATE BUREAU OF INVESTIGATION. YOUR SPECIFIC QUESTION IS WHETHER THE CITY OF OKLAHOMA CITY MAY CONVEY TITLE, BY SALE OR GIFT, OF THE AFIS EQUIPMENT TO THE STATE OF OKLAHOMA.
IN MY VIEW, IT IS CLEAR THAT THE CITY OF OKLAHOMA CITY CANNOT SIMPLY DONATE ITS FINGERPRINT EQUIPMENT TO THE STATE OF OKLAHOMA. THE FINGERPRINT EQUIPMENT AT ISSUE WAS ACQUIRED BY THE USE OF PROCEEDS FROM A $35,895,000.00 BOND ISSUE IN 1986. THIS OFFICE APPROVED THAT BOND ISSUE ON OCTOBER 15, 1986. WE HAVE REVIEWED OUR "BOND TRANSCRIPT FILE" WHICH REFLECTS THAT ONE OF THE IDENTIFIED PROJECTS TO BE FUNDED FROM THIS BOND ISSUE WAS A "FULLY AUTOMATED FINGERPRINT SYSTEM" WITH THE APPROXIMATE COST OF $1,900,000.00. AS A PART OF THE BOND-ISSUING PROCESS, THE CITY OF OKLAHOMA CITY ADOPTED A FINAL RESOLUTION ON OCTOBER 14, 1986 WHICH AUTHORIZED A SPECIFIC PROPERTY TAX SUFFICIENT TO PAY THE BONDED INDEBTEDNESS INCURRED BY THE CITY OF OKLAHOMA CITY TO ACQUIRE THIS EQUIPMENT. IF THE CITY DONATED THIS EQUIPMENT TO THE STATE, OR ANY OTHER PARTY, IT WOULD VIOLATE OKLA. CONST. ARTICLE X, SECTION 16 ARTICLE X, SECTION 19. SECTION 16 OF ARTICLE X PROVIDES AS FOLLOWS:
 "ALL LAWS AUTHORIZING THE BORROWING OF MONEY BY AND ON BEHALF OF THE STATE, COUNTY, OR OTHER POLITICAL SUBDIVISION OF THE STATE, SHALL SPECIFY THE PURPOSE FOR WHICH THE MONEY IS TO BE USED AND THE MONEY SO BORROWED SHALL BE USED FOR NO OTHER PURPOSE."
ARTICLE X, SECTION 19 OF THE OKLAHOMA CONSTITUTION GENERALLY PREVENTS CITIES FROM LEVYING A TAX FOR ONE PURPOSE AND DEVOTING IT TO ANOTHER PURPOSE. IF THE CITY OF OKLAHOMA CITY SIMPLY DONATED ITS FINGERPRINT EQUIPMENT TO THE STATE, OKLAHOMA CITY PROPERTY TAX PAYERS WOULD HAVE A PORTION OF THEIR TAXES SUBSIDIZING A PIECE OF STATE EQUIPMENT. THE CITY COUNCIL OF THE CITY OF OKLAHOMA CITY IN 1986 LEVIED THIS TAX STRICTLY TO PAY FOR THE DEBT CREATED TO PAY FOR SEVERAL PIECES OF CITY EQUIPMENT, INCLUDING THE FINGERPRINT EQUIPMENT. THERE IS NO QUESTION IN MY MIND THAT THIS PIECE OF EQUIPMENT COULD NOT BE DONATED TO THE STATE OF OKLAHOMA CONSISTENT WITH THE STATE CONSTITUTION.
YOU ALSO ASK WHETHER THIS PIECE OF EQUIPMENT COULD BE SOLD TO THE STATE OF OKLAHOMA. IN MY VIEW, ABSENT SOME CITY ORDINANCE OF WHICH I AM NOT AWARE, THE CITY OF OKLAHOMA CITY COULD SELL THE FINGERPRINT EQUIPMENT TO THE STATE OF OKLAHOMA. THE CITY, HOWEVER, WOULD BE LIMITED IN HOW IT COULD SPEND THE PROCEEDS FROM SUCH A SALE. IN PROTEST OF REID, 15 P.2D 995 (OKLA. 1932), THE SUPREME COURT DEALT WITH THE VALIDITY OF THE SALE BY THE CITY OF WOODWARD OF A MUNICIPAL LIGHT AND POWER PLANT. THE PLANT HAD BEEN CONSTRUCTED THROUGH A BOND ISSUE. THE BOND ISSUE IN THAT CASE WAS ISSUED UNDER OKLA. CONST. ARTICLE X, SECTION 27
WHICH IS THE PERTINENT SECTION DEALING WITH BONDED INDEBTEDNESS TO ACQUIRE PUBLIC UTILITIES. THE FINGERPRINT EQUIPMENT OF THE CITY OF OKLAHOMA CITY WAS ALSO PURCHASED WITH A BOND ISSUE ISSUED UNDER ARTICLE X, SECTION 27 OF THE CONSTITUTION.
IN REID, THE CITY OF WOODWARD SOLD THE POWER PLANT FOR $505,000.00. THE CITY USED SOME OF THE PROCEEDS TO PAY FOR SOME CITY INDEBTEDNESS ON SOME OF THE MACHINERY AND EQUIPMENT USED AT THE PLANT AND ALSO PLACED PART OF THE PROCEEDS IN THE SINKING FUND. THE CITY ATTEMPTED TO USE ABOUT 60% OF THE SALE PROCEEDS TO CONSTRUCT A LIGHT PLANT, GAS PLANT, AND SEWER SYSTEM. SOME TAXPAYERS SUED THE CITY AND ARGUED THAT THE REMAINING PROCEEDS WOULD HAVE TO BE PUT IN THE SINKING FUND PRIOR TO THE TIME THE EXCISE BOARD CALCULATED THE RATE OF AD VALOREM TAX FOR THE RESIDENTS OF THE CITY OF WOODWARD. THE ISSUE IN THIS CASE WAS WHETHER OKLA. CONST. ARTICLE X, SECTION 16 WAS A LIMITATION ON BOND PROCEEDS AS WELL AS PROCEEDS OF THE SALE OF ASSETS PURCHASED WITH BOND PROCEEDS. THE OKLAHOMA SUPREME COURT RULED THAT THE LIMITATIONS CONTAINED IN ARTICLE X, SECTION 16 APPLIED TO THE PROCEEDS OF THE SALE AS WELL AS TO THE ORIGINAL USE OF THE BOND PROCEEDS THEMSELVES. THE COURT STATED AS FOLLOWS:
 "SECTION 16, ARTICLE X OF THE CONSTITUTION, IS A LIMITATION. TO CONSTRUE IT TO APPLY ONLY TO THE FIRST USE OF THE BORROWED MONEY WOULD BE TO DEFEAT ITS PRACTICAL OPERATION, FOR MONEY MIGHT BE BORROWED TO BUILD A LIGHT PLANT, AND THE MONEY SO BORROWED MIGHT BE USED TO BUILD A LIGHT PLANT, BUT THE LIGHT PLANT MIGHT BE SOLD AND THE PROCEEDS OF THE SALE MIGHT BE USED FOR SOME OTHER PURPOSE. WE CANNOT GIVE THIS SECTION A CONSTRUCTION WHICH WOULD OPERATE TO DEFEAT THE PURPOSE THEREOF. . . . THAT LIMITATION AS TO THE USE OF THE BORROWED FUNDS IS APPLICABLE TO SUBSEQUENT USES AS WELL AS TO THE FIRST USE THEREOF." 15 P.2D AT 997, 998.
THE COURT WENT ON TO POINT OUT THAT WHEN THE ASSET PURCHASED WITH THE BOND PROCEEDS IS SOLD, THE PROCEEDS WOULD HAVE TO BE USED FOR THE SAME PURPOSE FOR WHICH THE MONEY WAS BORROWED OR WOULD HAVE TO REIMBURSE THE TAXPAYERS. THE COURT DID NOT QUESTION THE CITY OF WOODWARD'S ABILITY TO SELL ITS LIGHT AND POWER PLANT. IT SIMPLY STATED THAT THE PROCEEDS OF THE SALE WOULD HAVE TO BE DEDICATED TO THE SAME PURPOSE FOR WHICH THE BONDS WERE ISSUED OR WOULD HAVE TO BE PLACED IN THE SINKING FUND TO REDUCE THE TAX BURDEN OF THE AD VALOREM TAXPAYERS.
I HAVE FOUND NO STATUTE OR ORDINANCE WHICH WILL LIMIT THE CITY'S ABILITY TO SELL ITS FINGERPRINT EQUIPMENT TO THE STATE OF OKLAHOMA. I HAVE NOT ACTUALLY ATTEMPTED TO LOCATE ANY CITY ORDINANCES ON THIS SUBJECT. BARRING SOME MUNICIPAL ORDINANCE PROHIBITION, THE CITY COULD SELL THE EQUIPMENT TO THE STATE OF OKLAHOMA, BUT WOULD BE RESTRICTED IN THE USE OF THE PROCEEDS FROM SUCH A SALE. THE CITY COULD CLEARLY USE THE PROCEEDS TOWARD THE PURCHASE OF ANOTHER FINGERPRINT SYSTEM OR IT COULD USE THE PROCEEDS TO PLACE INTO THE CITY SINKING FUND TO REDUCE THE AD VALOREM TAX LEVY ON ITS BONDED INDEBTEDNESS.
(THOMAS L. SPENCER)